■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ALTHERIA A., Respondent, v ALVIN E., Appellant. [610 NYS2d 892] —Motion for poor person relief and assignment of counsel granted. Memorandum: The order finding paternity is not appealable as of right (see, Family Ct Act § 1112 [a]). The purported appeal after the support hearing before a Hearing Examiner does not present an issue over which we have jurisdiction because it is not from an order by a Family Court Judge determining objections to an order of a Hearing Examiner.

Because the finding of paternity was made by a Judicial Hearing Officer appointed to hear and determine that issue, we treat the motion as including an application for permission to appeal from the finding of paternity, grant that motion, and further grant the motion for poor person relief and assignment of counsel. Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ. (Filed Jan 25, 1994.)

■ PEOPLE, Respondent, v RICHARD DUNNIGAN, Appellant. [610 NYS2d 893] —Motion for reargument denied. Memorandum: Although appellant's memorandum was not recited in the order denying the motion for a writ of error coram nobis, our records reflect that it was considered by the Court prior to the Court's denial of appellant's motion. Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ. (Filed Jan. 26, 1994.)

■ PEOPLE, Respondent, v CHARLES MEURER, Appellant. [610 NYS2d 893] —Motion to compel Chautauqua County Clerk to provide appellant with transcripts denied. Memorandum: The Court has been informed that the transcripts from the second trial have not yet been completed. The County Clerk has been directed to forward those transcripts to appellant as soon as they are transcribed and filed with the County Clerk's Office. Finally, an extension of time to perfect the appeal is unnecessary. Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ. (Filed Jan. 26, 1994.)